UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JORDAN PALLOTTA, individually and on behalf of all other persons similarly situated who were employed by IROQUOIS NURSING HOME, INC., MEDCOR STAFFING INC., and/or any other entities affiliated with or controlled by IROQUOIS NURSING HOME, INC., MEDCOR STAFFING INC.<br><br>Plaintiffs,<br><br>-against-<br><br>IROQUOIS NURSING HOME, INC., MEDCOR STAFFING INC. and any related entities,<br><br>Defendants. | COMPLAINT<br><br>FLSA COLLECTIVE ACTION<br><br>And<br><br>CLASS ACTION<br><br>Docket No.: 6:23-CV-1197 (DNH/ML)<br><br>**JURY TRIAL DEMANDED** |

Named Plaintiff Jordan Pallotta ("Named Plaintiff"), by his attorneys Gattuso & Ciotoli, PLLC; allege upon knowledge to themselves and upon information and belief as to all other matters as follows:

**PRELIMINARY STATEMENT**

1. This action is brought pursuant to the Fair Labor Standards Act (hereinafter referred to as "FLSA"), 29 U.S.C. §§ 206, 207, and 216(b); New York Labor Law § 190 *et seq.*, New York Labor Law §§ 650 *et seq.* and 663; 12 New York Codes, Rules and Regulations (hereinafter referred to as "NYCRR") §§ 142 *et. seq.* to recover unpaid wages and overtime compensation as well as related damages owed to the Named Plaintiff and all similarly situated persons (collectively "Plaintiffs") who are presently or were formerly employed by Iroquois Nursing Home, Inc., or Medcor Staffing Inc. or any other staffing agencies providing similarly situated persons to Defendant Iroquois Nursing Home, Inc., and/or any other entities affiliated with or controlled by

1

Iroquois Nursing Home, Inc., or Medcor Staffing Inc., (hereinafter "Defendants") in trades and occupations entitled to receive overtime compensation.

2. Beginning in September 2017 and continuing through the present, Defendants have engaged in a policy and practice of depriving its employees of the applicable straight time wages and overtime wages for work they performed as mandated by federal and state law.

3. Beginning in September 2017 and continuing through the present Defendants have engaged in a policy and practice of requiring its employees to regularly work in excess of 40 hours per week, without providing overtime compensation as required by the applicable federal and state laws.

4. Upon information and belief, Defendants also failed to provide appropriate wage notices to Named Plaintiff and those similarly situated as required under NYLL.

5. Named Plaintiff has initiated this action seeking for himself, and on behalf of all similarly situated employees, all compensation, including straight time wages and overtime compensation of which they were deprived, plus interest, damages, and attorneys' fees and costs.

## JURISDICTION

6. Jurisdiction of this Court is invoked pursuant to FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. §§ 1331 and 1337. This Court also has supplemental jurisdiction under 28 U.S.C. § 1367 of the claims brought under New York Labor Law.

7. The statute of limitations under FLSA, 29 U.S.C. § 255(a), for willful violations is three (3) years.

8. The statute of limitations under New York Labor Law § 198(3) is six (6) years.

## VENUE

9. Venue for this action in the Northern District of New York under 28 U.S.C. § 1391(b) is appropriate because a substantial part of the events or omissions giving rise to the claims occurred in the Northern District of New York.

## THE PARTIES

10. Named Plaintiff Jordan Pallotta is an individual who is currently a resident of Oneida County, New York, and was employed by Defendants as a Certified Nurse Assistant from approximately February 2023, through June 19, 2023.

11. Upon information and belief, Defendant Iroquois Nursing Home, Inc. is a domestic corporation organized and existing under the laws of the State of New York and authorized to do business within the State of New York, with a principal place of business at 4600 Southwood Heights Drive, Jamesville, New York, 13078.

12. Upon information and belief, Defendant Medcor Staffing Inc. is a domestic corporation organized and existing under the laws of the State of New York and authorized to do business within the State of New York, with a principal place of business at 1807 Elmwood Avenue, Suite 1B, Buffalo, New York, 14207.

13. At all times relevant to this action, Defendants were Named Plaintiff's employer as defined by NYLL §§ 2(6), 190(3), and 651(6), as well as 29 U.S.C. § 203, *et seq.*

## CLASS ALLEGATIONS

14. Plaintiff realleges and incorporates by reference all the allegations set forth above.

15. This action is properly maintainable as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), and as a Class Action under Rule 23 of the Federal Rules of Civil Procedure.

16. This action is brought on behalf of Named Plaintiff and a class consisting of similarly situated employees who worked for Defendants as Certified Nurse Assistants, Nurse Technicians, and/or Licensed Practical Nurses and were paid hourly wages who had meal breaks automatically deducted from their wages while working at Defendant Iroquois Nursing Home, Inc. and all other locations where Defendant Medcor Staffing Inc. provided Certified Nurse Assistants, Nurse Technicians, and/or Licensed Practical Nurses.

17. Named Plaintiff and potential Plaintiffs who elect to opt-in as part of the collective action are all victims of Defendant's common policy and/or plan to violate the FLSA and NYLL by failing to pay Named Plaintiff and those similarly situated, neither their regular hourly wage nor the minimum wage for all hours worked and overtime hours at one and one-half times their regular hourly wages for all hours worked in excess of 40 in a week.

18. The putative class is so numerous that joinder of all members is impracticable. The size of the putative class is believed to be hundreds of employees. Additionally, the names of all potential members of the putative class are not known.

19. The questions of law and fact common to the putative class predominate over any questions affecting only individual members. These questions of law and fact include but are not limited to: (1) whether Defendant failed to pay the appropriate regular or minimum wage for hours up to 40 in a week and overtime wages for all hours worked in excess of 40 in a week; (2) whether Defendant failed to provide Named Plaintiffs with proper wage notices and wage statements during the time of their employment.

20. The claims of the Named Plaintiffs are typical of the claims of the putative class members. Named Plaintiffs and putative class members were all subject to Defendant's policies and willful

practice of failing to pay regular and/or minimum wages and failure to pay overtime wages for all hours worked; as well as Defendant's failure to provide wage notices as required by NYLL.

21. Named Plaintiffs and their counsel will fairly and adequately protect the interests of the putative class. Named Plaintiffs have retained counsel experienced in complex wage and hour collective and class-action litigation.

22. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The individual Named Plaintiff and putative class action members lack the financial resources to adequately prosecute separate lawsuits against Defendant. A class action will also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to Defendant's policies.

**FACTS**

23. The Named Plaintiff repeats each and every allegation previously made here and as if set forth fully herein.

24. This action is properly maintainable as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b).

25. Named Plaintiff Jordan Pallotta was employed by Defendants from approximately February 2023, through June 19, 2023.

26. Named Plaintiff was paid an hourly rate of $15.00.

27. This action is brought on behalf of Named Plaintiff and a putative class and collective consisting of similarly situated employees who worked for Defendants as hourly paid Certified Nurse Assistants, Nurse Technicians and Licensed Practical Nurses and other employees performing similar direct nursing and personal care support in furtherance of Defendant Iroquois' operations as a medical facility and Defendant Medcor's operations as a medical staffing provider.

28. While working for Defendants, Named Plaintiff and other similarly situated employees were regularly required to perform work for Defendants without receiving pay for all hours worked and overtime compensation when appropriate, as required by applicable federal and state law.

29. For example, beginning approximately in February 2023, and continuing through June 19, 2023, he would typically work at least a six hour shift.

30. Named Plaintiff would write his hours worked each day on a paper sheet and have them approved by a signature from his supervisor at Defendant Iroquois.

31. He would then scan the paper sheet to his cell phone and email it to Defendant Medcor at the end of each week.

32. Defendant Medcor would then pay Named Plaintiff and issue a pay statement.

33. For every shift over six hours, one-half hour would be automatically deducted from his pay for a meal break.

34. In fact, when Named Plaintiff submitted his first time sheet to "Liz" at Defendant Medcor she informed him that one-half hour would be deducted from every shift and she encouraged Named Plaintiff to document a meal break even if not taken because it would be deducted either way.

35. Upon information and belief this procedure was the same for all members of the putative class.

36. However, Named Plaintiff would be too busy working to take a full or even partial meal break due to consistent under staffing problems. Despite this, Defendants would still automatically deduct the one-half hour of pay from Named Plaintiff's paychecks.

37. In certain weeks, upon information and belief, the deducted one-half hour of pay would cause Named Plaintiff, and those similarly situated, from receiving overtime compensation.

38. For example, the week of June 11, 2023 through June 17, 2023, Named Plaintiff worked June 11, 12, 15, 16 and 17. On June 11 he worked from 11:00 a.m. to 3:45 p.m.; on June 12 he worked 4:00 p.m. to 6:15 a.m.; on June 15 he worked 11:30 p.m. to 5:19 a.m.; on June 16 he worked 3:00 p.m. to 4:45 p.m. and on June 17 he worked 3:00 p.m. to 5:10 a.m. for a total of 52.65 hours. The hours for each shift were approved by his supervisor at Defendant Iroquois. However, his pay statement reflects pay for only 38.74 hours.

39. As another example, the week of June 4 through June 10, 2023, Named Plaintiff worked June 7, 8 and 9. On June 7, 2023, he worked from 3:00 p.m. to 10:38 p.m.; on June 8 he worked 12:45 a.m. to 5:00 a.m. and on June 9 he worked from 3:00 p.m. to 8:35 p.m. Only the June 7 shift was over six hours. The hours total 17.45 and all three shift hours reported were approved with the signature of his supervisor at Defendant Iroquois. However, his pay statement from Defendant Medcor reflects pay for only 16.96 hours.

40. As a result, Named Plaintiff and those similarly situated were routinely not paid for all hours worked and at times deprived of appropriate overtime compensation.

41. Defendants consistently and repeatedly used this policy, procedure and method of automatically deducting one-half hour for meal breaks whether taken by the employee or not and at times failing to pay overtime across the members of the putative class.

## FIRST CAUSE OF ACTION

## UNPAID WAGES AND OVERTIME UNDER FLSA

42. The Named Plaintiff repeats each and every allegation previously made here and as if set forth fully herein.

43. The Named Plaintiff and similarly situated hourly employees of Defendant bring this claim for relief pursuant to the Fair Labor Standards Act ("FLSA") at 29 U.S.C. § 201, et seq.

44. Under the FLSA, Named Plaintiff and similarly situated hourly employees are entitled to be compensated for all hours worked where such time is compensable time and is also subject to the regular time and overtime provisions of sections 206 and 207 of the FLSA.

45. Defendants willfully, knowingly, purposefully, and recklessly failed to pay Named Plaintiff and similarly situated hourly employees for all time worked, including time which would have qualified as overtime.

46. Upon information and belief, Named Plaintiff and those similarly situated hourly employees frequently worked more hours than what they were paid for and frequently had adjustments made to their time clock records resulting in a paycheck for less time than what the Named Plaintiff and those similarly situated actually worked.

47. On this claim for relief, the Named Plaintiff on behalf of himself and other similarly situated hourly employees of Defendants seek the payment of all unpaid wages and unpaid overtime wages, such sums to be determined based upon an accounting of the hours worked and wages actually paid to the Named Plaintiff and other similarly situated employees.

48. The Plaintiffs also seeks an award of liquidated damages in the amount of 100% of the unpaid regular and overtime wages, plus attorneys' fees, interest, and costs as provided for by the FLSA.

## SECOND CAUSE OF ACTION

## UNPAID REGULAR TIME AND OVERTIME UNDER NYLL

49. The Named Plaintiff repeats each and every allegation previously made here and as if set forth fully herein.

50. Pursuant to Article Six of the New York Labor Law, workers, such as Named Plaintiff and other members of the putative class action, are protected from wage underpayments and improper employment practices.

51. Pursuant to New York Labor Law § 190, the term "employee" means "any person employed for hire by an employer in any employment."

52. As person employed for hire by Defendants, Plaintiffs and other members of the putative class action are "employees," as understood in Labor Law § 190.

53. Pursuant New York Labor Law § 190, the term "employer" includes "any person, corporation, limited liability company, or association employing any individual in any occupation, industry, trade, business or service."

54. As an entity that hired the Named Plaintiff and other members of the putative class, Defendants are an "employer."

55. The Named Plaintiff's and other members of the putative class agreed upon wage rate and/or overtime compensation rate constitutes "wages" within the meaning of New York Labor Law §§ 190, 191.

56. Pursuant to New York Labor Law § 191 and the cases interpreting the same, workers such as Plaintiffs and other members of the putative class action are entitled to be paid all their weekly wages "not later than seven calendar days after the end of the week in which the wages are earned."

57. Pursuant to New York Labor Law § 652 and the cases interpreting same, "Every employer shall pay to each of its employees for each hour worked a wage of not less than" the statutory minimum wage.

58. In failing to pay the Named Plaintiff and other members of the putative class proper wages for time worked in one week, Defendants violated New York Labor Law § 191, by failing to pay

Plaintiffs and other members of the putative class all of their wages earned within the week such wages were due, and violated Labor Law § 652, by failing to pay Plaintiffs minimum wages for all hours worked.

59. Pursuant to New York Labor Law § 193, "No employer shall make any deduction from the wages of an employee," such as Plaintiffs and other members of the putative class, that is not otherwise authorized by law or by the employee.

60. By withholding wages for time worked in any given week from Plaintiffs and other members of the putative class, pursuant to New York Labor Law § 193 and the cases interpreting the same, Defendants made unlawful deductions in wages owed to Plaintiffs and other members of the putative class.

61. Pursuant to New York Labor Law § 198, Named Plaintiff and those similarly situated bring this action to recover wages to which they are entitled.

62. Under NYLL, Named Plaintiff and similarly situated hourly employees are entitled to a half hour break when their scheduled shift exceeds 6 hours.

63. Additionally, Named Plaintiff and similarly situated employees are also entitled to be paid for all hours worked and at an overtime rate of one and one-half times the regular hourly rate when their total hours exceeded 40 hours per week.

64. Even though Named Plaintiff and similarly situated employees are entitled a half-hour rest breaks, and to be paid for all hours worked including overtime rates for hours exceeding 40 per week, Defendants refused and continues to refuse to provide required breaks and failed and continues to fail to pay Named Plaintiff and those similarly situated for all hours worked at the appropriate rate of pay, including overtime rates for work in excess of 40 hours per week, as required under to NYLL §§ 190, *et. seq.*, 650, *et. seq.*, and, 19 NYCRR §§ 142, *et. seq.*

65. Upon information and belief, Defendants willfully, purposefully, and maliciously failed to pay the required compensation or provided the required rest periods as articulated in this claim for relief.

66. On this claim for relief, the Named Plaintiff on behalf of himself and other similarly situated hourly employees of Defendants seek the payment of all unpaid wages and unpaid overtime wages, such sums to be determined based upon an accounting of the hours worked and wages actually paid for the Named Plaintiff and other similarly situated employees.

67. The Plaintiffs also seek an award of liquidated damages in the amount of 100% of the unpaid regular and overtime wages, plus attorneys' fees, interest, and costs as provided for by the NYLL.

## THIRD CAUSE OF ACTION

## FAILURE TO PROVIDE ANNUAL WAGE NOTICES UNDER NYLL

68. Named Plaintiff realleges and incorporates by reference all the allegations set forth above.

69. Defendants have willfully failed to supply Named Plaintiff and those similarly situated with wage notices, as required by NYLL § 195(1), in English or in the language identified as their primary language, containing Plaintiffs rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names use by the employer; the physical address of the employer's main office or principal place of business and a mailing address if different; the telephone number of the employer; plus, such other information as the commissioner deems material and necessary.

70. Named Plaintiff and those similarly situated did not receive all required wage notices during their employment with Defendants.

71. Through their knowing or intentional failure to provide Named Plaintiff and those similarly situated with the wage notices required by the NYLL, Defendant has willfully violated NYLL §§ 190 et. seq., and the supporting New York State Department of Labor Regulations.

72. According to NYLL § 198-1(b), Named Plaintiff and those similarly situated are entitled to $50 for every week in which they did not receive a wage notice and/or statement, or a total of $5000, together with costs and reasonable attorney's fees.

73. By the foregoing reasons, Defendant has violated NYLL § 195(1) and are liable to the Plaintiffs under NYLL § 198-1(b) in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs.

## JURY TRIAL DEMANDED

74. Plaintiff demands that all issues of fact be decided by a jury.

**WHEREFORE**, Named Plaintiff, individually and on behalf of all other persons similarly situated who were employed by Defendants, demand judgment:

(1) On the First Cause of Action against Defendants, all unpaid wages and unpaid overtime wages in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages and unpaid overtime to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs, pursuant to the FLSA;

(2) On the Second Cause of Action against Defendants, all unpaid wages and unpaid overtime wages in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages and unpaid overtime to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs, pursuant to New York Labor Law, and

  (3) On the third cause of action against Defendants, in an amount to be determined at trial, plus liquidated damages in the amount to be determined at trial, plus interest, attorneys' fees and costs; and

  (4) Such other and further relief as this Court may deem just and proper.

Dated: Fayetteville, New York
   September 22, 2023

              By: */s/ Frank S. Gattuso*
                 Frank S. Gattuso
                 GATTUSO & CIOTOLI, PLLC
                 The White House
                 7030 E. Genesee Street
                 Fayetteville, New York 13066
                 315-314-8000
                 315-446-7521 (fax)
                 fgattuso@gclawoffice.com

                 *Attorneys for the Plaintiff and putative class*