UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JORDAN PALLOTTA, individually
and on behalf of all other persons
similarly situated, and ALLIYAH
RAWLINS, individually an on
behalf of all other persons
similarly situated,

               Plaintiffs,

        -v-                   6:23-CV-1197

IROQUOIS NURSING HOME, INC.,
and any related entities, and
MEDCOR STAFFING, INC., and
any related entities,

               Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DAVID N. HURD
United States District Judge

## ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AS TO NAMED PLAINTIFF RAWLINS AND DIRECTING CLASS NOTICE

On September 22, 2023, named plaintiff Jordan Pallotta ("Pallotta"), a Certified Nursing Assistant, filed this putative collective action alleging that defendants Iroquois Nursing Home, Inc. ("Iroquois") and Medcor Staffing, Inc. ("Medcor") violated the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") by, *inter alia*, maintaining an unlawful policy or

practice of deducting meal breaks from paychecks regardless of whether or not the employee actually took a break. *Id*. The parties later stipulated to amend the putative class complaint to include Alliyah Rawlins ("Rawlins") as a second named plaintiff. Dkt. No. 25.

On May 21, 2024, the parties notified the Court that they had reached a settlement in part: named plaintiff Rawlins had reached a class settlement with Iroquois. *See* Dkt. No. 39; *see also* Dkt. No. 38 (directing parties to file class approval motion as to Rawlins). Named plaintiff Pallotta's claims remain against defendant Medcor. *See* Dkt. No. 39.

On June 21, 2024, Rawlins moved for: (1) certification of the settlement class; (2) preliminary approval of the settlement agreement; (3) approval of the proposed class notice; (4) an Order scheduling a Final Approval Hearing and related deadlines. Dkt. No. 39. The motion is unopposed. *See id*.

Upon consideration of the memorandum of law and supporting exhibits, and after reviewing the Settlement Agreement and the attached Class Notice materials, it is

ORDERED that

1. The unopposed motion for preliminary approval of the class action settlement between Rawlins and Iroquois (Dkt. No. 39) is GRANTED;

2. The Court FINDS, on a preliminary basis, that the class settlement memorialized in the Settlement Agreement (Dkt. No. 39-2) falls within the

range of reasonableness and, therefore, meets the requirements for preliminary approval as required by Federal Rule of Civil Procedure 23(e) and other applicable laws;

   3.  Preliminary approval of the Settlement Agreement is GRANTED;

   4.  For settlement purposes only, the following Settlement Class is CERTIFIED pursuant to the Settlement Agreement and FED. R. CIV. P. 23:

> all employees and former employees in the positions of Certified Nursing Assistant and Licensed Practical Nurse employed by Iroquois Nursing Home, Inc. between February 28, 2018 and the date of this Order.

   5.  The Court FINDS that the proposed Class Notice (Dkt. No. 39-3) and proposed Claim Form (Dkt. No. 39-4) are accurate, objective, and informative, and provide members of the Settlement Class with the information necessary to make an informed decision regarding their participation in the settlement;

   6.  The Court FINDS that the Class Notice constitutes the best practicable means of providing notice under the circumstances and, when completed, shall constitute due and sufficient notice of the proposed Class Settlement and the Final Approval Hearing to all persons and entities affected by and/or entitled to participate in the settlement, in full compliance with the notice requirements of Rule 23, due process, the Constitution of the United States, the laws of the State of New York, and other applicable laws;

7. The Class Notice and Claim Form are APPROVED and shall be mailed to the Settlement Class in accordance with the procedure outline below:

8. Named plaintiff Rawlins and defendant Iroquois are ORDERED to carry out and effect the proposed class action settlement according to the terms of the Settlement Agreement;

9. The Court ADOPTS the following procedure for Final Approval:

(1) Within ten days of this Order, and no later than <u>Monday, August 12, 2024</u>, defendant's counsel will provide Class Counsel and the Settlement Administrator with the Class List;

(2) Within fifteen days of this Order, and no later than <u>Friday, August 16, 2024</u>, the Class Notice and Claim Form shall be mailed to all putative Class Members;

(3) Within sixty days of this Order, and no later than <u>Monday, September 30, 2024</u>, putative Class Members may file a Claim Form to "opt-in" and qualify as a Settlement Class Member and submit any written objections OR may file a Claim Form to "opt-out" (the "Bar Date");

(4) On or before <u>Wednesday, October 30, 2024</u>, Class Counsel shall move for Final Approval;

(5) On <u>Wednesday, November 20, 2024</u>, at 1:00 p.m., the Court will conduct a Final Approval Hearing at 10 Broad Street in Utica, New York; and

(6) The Final Approval Hearing may be continued or held remotely without further notice to the Settlement Class.

The Clerk of the Court is directed to set deadlines accordingly and terminate the pending motion.

IT IS SO ORDERED.

David N. Hurd
U.S. District Judge

Dated: July 31, 2024
Utica, New York.