UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JORDAN PALLOTTA, individually
and on behalf of all other persons
similarly situated, and ALLIYAH
RAWLINS, individually an on
behalf of all other persons
similarly situated,

              Plaintiffs,

        -v-                 6:23-CV-1197

IROQUOIS NURSING HOME, INC.,
and any related entities,

              Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DAVID N. HURD
United States District Judge

## ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

On September 22, 2023, named plaintiff Jordan Pallotta ("Pallotta"), a Certified Nursing Assistant, filed this action alleging that Iroquois Nursing Home, Inc. ("Iroquois") and Medcor Staffing, Inc. ("Medcor") violated the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") by, *inter alia*, maintaining an unlawful policy or practice of deducting meal breaks from paychecks regardless of whether or not the employee actually took a

break.  *Id*.  The parties later stipulated to amend the putative class complaint to include Alliyah Rawlins ("Rawlins") as a named plaintiff.  Dkt. No. 25.

On May 21, 2024, the parties notified the Court that they had reached a partial settlement: named plaintiff Rawlins had reached a settlement with Iroquois.  Dkt. No. 39.  Thereafter, named plaintiff Pallotta stipulated to the dismissal of the claims against defendant Medcor.  Dkt. No. 48.

On July 31, 2024, this Court granted named plaintiff Rawlins's unopposed motion for: (1) certification of the settlement class; (2) preliminary approval of the settlement agreement; (3) approval of the proposed class notice; and (4) an Order scheduling a Final Approval Hearing.  Dkt. No. 40.  The Court certified the following Settlement Class:

> all employees and former employees in the positions of Certified Nursing Assistant and Licensed Practical Nurse employed by Iroquois Nursing Home, Inc. between February 28, 2018 and [July 31, 2024].

Dkt. No. 40.  A Final Hearing was scheduled for Wednesday, November 20, 2024, at 1:00 p.m. at the U.S. Courthouse at 10 Broad Street in Utica, New York.  *Id*.  Thereafter, the parties distributed the Class Notice and Claim Form to the Settlement Class.  No Class Members have opted out or objected to the Settlement.  Ex. B to Gattuso Decl., Dkt. No. 49-4 ¶¶ 11–13.

On October 18, 2024, Rawlins moved for final approval of the class action settlement.  Dkt. No. 49.  The motion is unopposed.

Upon consideration of the parties' briefing in light of the governing law, and after conducting a hearing on this matter in open session on this date at the U.S. Courthouse in Utica, New York, at which <u>no objectors</u> appeared, it is

ORDERED that

1. The unopposed motion for final approval of the class action settlement (Dkt. No. 49) is GRANTED;

2. The Court FINDS that that the Settlement is procedurally fair and has been reached through arms' length negotiation between experienced counsel after adequate discovery;

3. The Court FINDS that the settlement satisfies the nine factors set forth in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974), *abrogated on other grounds by Goldberger v. Integrated Res., Inc.*, 209 F.3d 43 (2d Cir. 2000);

4. This Court has jurisdiction over the subject matter of this action, and over all parties to the action, including all Class Members;

5. For purposes of this Order, all terms not otherwise defined shall have the same meaning set forth in the Settlement Agreement;

6. The Settlement set forth in the Settlement Agreement is APPROVED;

7. The Settlement is, in all respects, fair, reasonable, and adequate, and in the best interests of the Named Plaintiff and the Class, in accordance with Rule 23(e) of the Federal Rules of Civil Procedure;

    8.  The parties SHALL IMPLEMENT all terms and provision of the Settlement Agreement;

    9.  Class Members who have not properly and timely exercised their opt-out rights are conclusively deemed to have RELEASED OR DISCHARGED defendants and their present and former owners, officers, directors and employees from, and are permanently enjoined and barred from asserting, either directly or indirectly, against defendants, any and all claims released in the Agreement;

    10.  The Notice distributed to Class members fully and accurately informed the Class of the proposed settlement, was the best notice practicable under the circumstances, and constituted valid, due, and sufficient notice to all Class Members in full compliance with Rule 23 of the Federal Rules of Civil Procedure and the U.S. Constitution; and

    11.  The Settlement Fund SHALL BE DISTRIBUTED to the Class Members, pursuant to the Agreement, all in accordance with the terms of the Agreement, to those individuals who have elected to participate in the settlement, including the service award to the Named Plaintiffs in the amount of $5,000 each, professional costs and fees in the amount of $180,000, and claims administration fees in the amount of $12,000.

    The Clerk of the Court is directed to terminate the pending motion, enter a judgment dismissing this action with prejudice, and close the file.

- 5 -

IT IS SO ORDERED.

Dated: November 20, 2024
       Utica, New York.

David N. Hurd
U.S. District Judge